**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICIA A. DUKETT,**

                    **Plaintiff,**               5:14-cv-1435
                                                          (GLS/DJS)
           v.

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Security,

                    **Defendant.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Binder, Binder Law Firm            CHARLES E. BINDER, ESQ.
60 East 42nd Street, Suite 520
New York, NY 10165

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN
United States Attorney             JOSHUA L. KERSHNER
100 South Clinton Street          Special Assistant U.S. Attorney
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Patricia A. Dukett challenges defendant Commissioner of Social Security's denial of Supplemental Security Income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[1]  (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed March 16, 2016, Magistrate Judge Daniel J. Stewart recommended that the Commissioner's decision be affirmed.  (Dkt. No. 18.)  Pending are Dukett's objections to the R&R. (Dkt. No. 19.)  For the reasons that follow, the court adopts the R&R in its entirety.

### II. Background[2]

On August 28, 2012, Dukett filed an application for SSI under the Social Security Act ("the Act").  (Tr.[3] at 58, 115-20.)  After her application was denied, Dukett requested a hearing before an Administrative Law Judge (ALJ), which was held on February 27, 2014.  (*Id.* at 28-46, 59-64,

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) of Title 42 applicable to judicial review of SSI claims.

[2] The court incorporates the factual recitations of the parties and Judge Stewart.  (*See generally* Dkt. Nos. 9, 17, 18.)

[3] Page references preceded by "Tr." are to the Administrative Transcript.  (Dkt. No. 7.)

67-69.) On May 16, 2014, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-4, 12-27.)

Dukett commenced the present action by filing a complaint on November 26, 2014, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Stewart issued an R&R recommending the Commissioner's decision be affirmed. (*See generally* Dkt. No. 18.)

### III. <u>Standard of Review</u>

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an

objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. **Discussion**

Dukett purports to object to the R&R on six grounds, only one of which warrants *de novo* review. That specific objection pertained to Judge Stewart's consideration of the weight assigned by the ALJ to certain medical evidence, and, in particular, his alleged reliance on grounds different from that considered by the ALJ. (Dkt. No. 19 at 2-3.) Because the substance of Dukett's other objections were either previously raised, considered, and rejected, (*compare* Dkt. No. 9 at 16-27, *with* Dkt. No. 18 at 6-15), or are raised for the first time now, (Dkt. No. 19 at 6), they are entitled to review for only clear error in the case of the former, or no review at all in the case of the latter. See *Almonte*, 2006 WL 149049 at *4; *Tatta v. Wright*, 616 F. Supp. 2d 308, 313 (N.D.N.Y. 2007).

Turning to Dukett's only specific objection, she relies on a flawed factual premise. (Dk. No. 19 at 1-3.) According to Dukett, the ALJ never identified inconsistencies in his decision that were relevant to the weight given to Dukett's treating psychiatrist's opinion and, instead, Judge Stewart

made new factual findings of such inconsistencies. (Id. at 2.) However, the ALJ does identify general inconsistencies in the treating psychiatrist's opinion and the other evidence of record. (Tr. at 20.) Contrary to Dukett's argument that Judge Stewart inappropriately made new findings of fact, Judge Stewart was only more specific in pinpointing the inconsistencies (Dk. No. 18 at 12-13.) Nevertheless, Dukett's objection that the treating psychiatrist's opinion was improperly weighed must be reviewed *de novo*.

Generally, great deference is given to the opinion of a treating physician provided that it is well-supported by medical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. § 404.1527(c)(2). Opinions of treating physicians are not controlling where the opinion is inconsistent with other substantial evidence in the record, including opinions of other medical experts. *Vieno v. Barnhart,* 312 F.3d 578,588 (2d Cir 2002). When an ALJ discounts the opinion of a treating physician he or she must provide "good reasons" by way of an explanation as to why the opinion was discounted. *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998). The ALJ is to consider the following factors when discounting the treating physician's opinion: (1) the length of the treatment relationship and frequency of examinations, (2) the nature and extent of the treatment relationship, (3)

the amount, nature, and credibility of the medical evidence accompanied with the opinion, (4) consistency of the opinion, (5) the specialization of the physician, and (6) any other factors relevant to the opinion. 20 C.F.R. § 404.1527 (c)(2) - (c)(6).

Here, the treating psychiatrist's opinion was widely contradicted by evidence in the record, including other medical experts' opinions and Dukett's own testimony and statements. Specifically, Dukett's treating psychiatrist reported that Dukett is moderately limited in her ability to understand and remember detailed instructions, but Dukett indicated in a "Function Report" completed as part of her examination for disability determination that she is able to follow both written and spoken instructions. (Tr. at 163, 515.) Further contradictions are indicated by the treating psychiatrist's report noting Dukett is moderately impaired in her ability to accept instructions and respond appropriately to criticism from supervisors, while Dukett identified that, while she has not dealt with supervisors in "some time now," she has no difficultly getting along with them. (Id. at 163, 516). The ALJ properly noted, in analyzing the factors relevant to the appropriate weight to afford to a treating physician's opinion, that Dukett's relationship with her psychiatrist was limited, (Tr. at 20); indeed, the relationship consisted of only medication management

with ten to fifteen minute visits held at three month intervals.[4] (Tr. at 202 - 209, 332, 398-401, 512-19.) Additionally, the other medical opinions in the record contradict the extensive limitations outlined in the treating psychiatrist's opinions. (*Compare* Tr. at 268-72, 279-80, *with* Tr. at 512-19.) Accordingly, for the reasons articulated by Judge Stewart, the court finds that the decision of the ALJ is free from legal error and supported by substantial evidence.

Having addressed Dukett's specific objection *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Stewart's R&R in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Daniel J. Stewart's March 16, 2016 Report and Recommendation (Dkt. No. 18) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Dukett's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

---

[4] Notably, the Psychiatric/Psychological Impairment Questionnaire, completed by the treating psychiatrist, indicated that Dukett had therapy on a bi-weekly basis. (Tr. at 512.) While this is not entirely accurate because the record indicates Dukett only saw a Social Worker for therapy three times (Id. at 347-50.), it is beyond dispute that Dukett did not undergo treatment with the treating psychiatrist for the therapy in question. (Id. at 202, 333-332, 347-50, 398-401.)

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 25, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge